UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

ARBITRON INC.,

                Plaintiff,                01 Civ. 9652

    -against-

                                     OPINION

TRALYN BROADCASTING, INC., JMD, INC.,
d/b/a WLNF-FM/WROA-AM/WZKX-FM/WGCM-
AM-FM,

                Defendants.

------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/08

A P P E A R A N C E S:

    Attorneys for Plaintiff

    DICKSTEIN SHAPIRO LLP
    1177 Avenue of the Americas
    New York, NY 10036
    By:  Alfred R. Fabricant, Esq.
         Lawrence C. Drucker, Esq.
         Peter Lambrianakos, Esq.

    Attorneys for Defendant

    LAW OFFICES OF LAWRENCE J. BERNARD, JR.
    Lawrence J. Bernard, Jr., Esq.
    4501 Connecticut Avenue, N.W., Suite 315
    Washington, D.C.  20008-3718

**Sweet, D.J.**

Defendant JMD, Inc. d/b/a WLNF-AM/WROA-AM/WZKX-FM/WGCM-AM-FM ("JMD" or the "Defendant") has moved under Fed. R. Civ. P. 59(a)(2) and (e) for a new trial. For the reasons set forth below, the motion is denied.

**Prior Proceedings**

On November 1, 2001, plaintiff Arbitron, Inc. filed its complaint asserting breach of contract. On motion by JMD, the complaint was dismissed on June 27, 2003. The judgment was appealed and on April 5, 2005, the mandate of the Court of Appeals was filed vacating the judgment and remanding the action. Discovery was undertaken.

Arbitron moved for summary judgment which motion was granted by an opinion dated December 4, 2007 (the "December 4 Opinion"). On December 28, 2007, time to move for reconsideration was extended to January 11, 2008. The Clerk's judgment was entered on January 10, 2008.

The instant motion was filed on January 25, 2008, and marked fully submitted on February 28, 2008.

1

Judgment was entered on March 17, 2008, in favor of Arbitron in the amount of $487,853.51.

**The Motion Is Untimely**

JMD's motion "for a new trial" asserts that the grant of summary judgment was without basis. No trial has been held in this action and JMD has cited no authority for its motion under Rule 59.

If the motion is treated as a motion for reconsideration under Local Civil Rule 6.3, it is untimely, having been filed more than 10 days after judgment was entered by the Clerk. Likewise, if it were possible to treat the motion as one under Rule 59, it would be untimely. See Fed. R. Civ. P. 59(b) ("A motion for a new trial must be filed no later than 10 days after the entry of judgment.").

**Reconsideration is Denied**

Even if the Court overlooks the untimeliness of the motion and treats it as a motion for reconsideration, it must be denied. To prevail on a motion for reconsideration, "the moving

2

party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003). "Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence." Id. See also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

A motion for reconsideration "is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided." Parrish, 253 F. Supp. 2d at 715. See also Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999).

JMD has reargued the facts and conclusions set forth in the December 4 Opinion. No facts or authorities are cited as having been overlooked. Grounds for reconsideration have not been established.

On appeal from this Court's grant of summary judgment

3

to JMD, the Court of Appeals held that the escalation clause in the Arbitron license agreement is enforceable because it manifests the parties' intent to grant Arbitron the right to set the re-determined rate. Because Arbitron was explicitly granted unilateral pricing power under the license agreement, resort to external price standards was deemed unnecessary to render the contract definite. Arbitron, Inc. v. Tralyn Broad., Inc., 400 F.3d 130, 136-37 (2d Cir. 2005). The Court of Appeals required only that Arbitron exercise its unilateral pricing power in good faith. Id. at 138-39. No evidence was presented to establish that Arbitron imposed the re-determined rate in bad faith. See December 4 Opinion, 526 F. Supp. 2d at 449.

JMD's rate was recalculated based upon the prior actual contract charges that had been agreed upon and paid by JMD for these same radio stations in the Biloxi market during the years prior to JMD's acquisition of Tralyn. Arbitron did not significantly increase the past years' rates when applying them to the new JMD/Tralyn combination.

The re-determined rate was significantly less than the rate for WKNN-FM/WMJY-FM, and roughly equal to that charged to WJZD-FM, the stations deemed relevant by JMD. Upon review of all the license rates submitted in support of the motion for

4

summary judgment, the imposition of a favorable rate does not support a finding of bad faith by Arbitron.

As stated in the December 4 Opinion, "[t]he manner in which the rate was calculated does not create an issue of material fact that precludes summary judgment where the re-determined rate is favorable as compared to other rates in effect in the market." December 4 Opinion, 526 F. Supp. 2d at 451.

JMD has contended summary judgment in favor of Arbitron was inappropriate because inconsistencies between the submissions of Patricia O'Donnell ("O'Donnell"), Arbitron's in-house counsel, and Julian Davis ("Davis"), the Director of Urban Media Services who calculated the re-determined rate undermine their credibility. However, credibility issues preclude summary judgment only where an issue "turns on the credibility of witnesses." Azrielli v. Cohen Law Office, 21 F.3d 512, 517 (2d Cir. 1994). Summary judgment is appropriate even where factual issues remain, where those facts are irrelevant or unnecessary to the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Because the credibility issues presented by JMD do not give rise to an issue of material fact, plaintiff is entitled to summary judgment.

5

## Conclusion

The JMD motion is denied.

It is so ordered.

New York, N.Y.
July 16, 2008

```
                                    _____
                                    ROBERT W. SWEET
                                         U.S.D.J.
```